UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

KHEMRAJ PRASHAD,

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR LTD.
d/b/a MARGARITAVILLE AT SEA,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR ADVISORY JURY

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, KHEMRAJ PRASHAD, is a resident of West Palm Beach, Florida.

2. Defendant, CLASSICA CRUISE OPERATOR LTD. d/b/a MARGARITAVILLE AT SEA CLASSICA, ("CLASSICA") is a foreign entity with its principal place of business and worldwide headquarters in Deerfield Beach, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or

48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Margaritaville at Sea Paradise*.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Margaritaville at Sea Paradise.*

8. At all times material, the *Margaritaville at Sea Paradise*, was located in navigable waters.

9. Defendant directly participated in and approved of the designs for the interior areas of the subject vessel, including the selection of flooring materials for the public areas onboard the ship.

10. Defendant established internal standards for the use and selection of flooring materials for various areas board its ships, including the subject vessel. The internal standards included co-efficient of friction for dance floors or other polished or highly slippery surfaces used in heavily trafficked areas where there was a high risk of liquid spills. Upon information and belief, these internal standards were created and/or approved of by Defendant. The Defendant further selected and/or approved usage of the flooring materials on the subject vessel, including the flooring used on the dance floor.

11. Defendant is aware that many accidents occur from falls due to wet and/or slippery surfaces, requiring, for there to be regularly inspected, maintained, swept, mopped, and properly cleaned.

12. Defendant is aware of the industry standard prohibiting beverages on dance floors due to

the high probability of spilling leading to increased chance of slip and fall incidents, and the need to be vigilant in monitoring and ensuring beverages are not brought onto the dance floor.

13. Defendant is aware that improper cleaning of foreign transitory substances, including spills from beverages, create a hazardous condition if not executed properly, and lead to more injuries, and has therefore developed detailed rules, policies, and procedures (for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.)

14. On or about August 18, 2023, the Plaintiff was a fare-paying passenger on the *Margaritaville at Sea Paradise*.

15. On or about August 18, 2023, the Plaintiff was patronizing the Deck 14 Crows Nest Sports Bar and Lounge.

16. Throughout the cruise and particularly at night guests are encouraged to purchase beverages and traverse around the Deck 14 Deck 14 Crows Nest Sports Bar and Lounge and were not prevented from bringing beverages onto the dance floor..

17. On or about August 18, 2023, the Plaintiff was severely injured when he slipped and fell while on the dance floor in the Deck 14 Crows Nest Sports Bar and Lounge ("the subject area").

18. The unreasonably wet, slippery, slick, hazardous and/or dangerous nature of the flooring surface was not open and obvious, there were no warning or caution signs present, and the Plaintiff had no way of knowing the existence of the hazardous condition.

19. The subject area constituted a dangerous condition for reasons that include, but were not limited to:

   a. The flooring surface of the subject area was wet, slippery and unreasonably slippery when wet and/or contaminated with a foreign substance;

   b. The flooring surface of the subject area was slippery and/or unreasonably slippery, even without being contaminated by the foreign substance(s) outlined above;

   c. The subject area did not have anti-slip flooring;

    d. The subject area did not contain any signs and/or warnings and/or anti-slip mats in or around the subject area, which could have reasonably communicated to Plaintiff the foreign substance on the floor, outlined above, and/or the unreasonably slippery nature of the flooring surface in the subject area.

20. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

    a. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, multiple crewmembers were working in the area charged with monitoring the area to ensure that the dance floor remained clean dry and safe for passenger use;

    b. Defendant's crewmembers were standing within a close distance to the subject area, capable of viewing the dance floor, and could and/or were actively monitoring for and did, were capable of, and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

    c. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, the wet, and/or liquid substance upon which Plaintiff slipped was dirty, and as such, appeared to have been present on the floor for a sufficient amount of time, such that, Defendant's crewmembers who were standing within a close distance to the subject area, did, were capable of, and/or should have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident;

    d. Prior to and/or at the time of Plaintiff's injury-producing incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the subject area via those cameras, Defendant did and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

    e. As per Defendant's policies and procedures, Defendant's crewmember did and/or should have continuously monitored the flooring surface of the subject area to identify and remedy hazardous conditions; had Defendant and/or its crewmembers reasonably complied with those policies and procedures, Defendant would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent the Plaintiff's incident.

21. As a result of the negligence of Defendant and its actions and failures to provide the Plaintiff with a reasonably safe place to walk, the Plaintiff fell and struck his head, ultimately requiring an emergency medical disembarkation.

## **COUNT I – NEGLIGENT FAILURE TO WARN**

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

22. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

23. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

24. On or about August 18, 2023, the Plaintiff was in the Deck 14 bar aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

25. On or about August 18, 2023, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn the Plaintiff of the unreasonably wet, slippery, slick, hazardous and/or dangerous condition of the flooring surface in the subject area;

   b. Failure to adequately warn the Plaintiff of the poorly maintained flooring surface used on the subject area;

   c. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably wet, slippery, slick, and/or hazardous nature of the flooring surface of the subject area, including but not limited to hazardous co-efficiency of friction in light of the wet, slippery, slick and/or hazardous condition of the flooring surface;

   d. Failure to warn the Plaintiff of other slip and fall accidents previously occurring in same area, same deck and/or same flooring surface; and/or

   e. Failure to warn the Plaintiff that Defendant did not have proper procedures in place to adequately inspect and monitor the area to detect and correct hazardous conditions such as unreasonably wet, slippery, slick flooring surfaces.

26. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the unreasonably wet, slippery, slick,

hazardous and/or dangerous floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

27. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving falls on polished or slippery surfaces. *see, Barksdale-Starkes v. CLASSICA Corp.*, case no: 22-cv-22204 (S.D. Fla); *Carpenter v. CLASSICA Corp.,* case no. 18-cv-25120 (S.D. Fla); and for those reasons set forth in paragraph 20 above.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands an advisory jury.

## **COUNT II – NEGLIGENT FAILURE TO MAINTAIN**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

30. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

31. At all times material hereto, it was the duty of Defendant to maintain the flooring on the dance floor of the Deck 14 bar

32. On or about August 18, 2023, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

- a. Failure to adequately and regularly inspect the subject flooring surface where the Plaintiff fell, to determine whether the subject flooring was unreasonably wet, slippery, slick, hazardous in nature and/or dangerous;

- b. Failure to maintain the subject flooring surface where Plaintiff fell in a reasonably safe condition in light of the anticipated traffic in the area;

- c. Failure to provide adequate lighting in the subject area, so that passengers can observe dangerous conditions on the floor;

- d. Failure to maintain the subject floor in a clean and dry condition;

- e. Failure to maintain non-slid flooring surface in the subject area;

- f. Failure to maintain the subject flooring with reasonable coefficient of friction to ensure it was not unreasonably slippery and/or slick;

- g. Failure to maintain the surface of the floor in a reasonably safe condition if/when the subject area floor became wet and/or slippery, including, but not limited to, closing off the subject area that was dangerously wet and/or slippery, and/or placing signage to warn passengers of hazardous areas;

- h. Failure to maintain anti-slip/slip-resistance material, mats and/or anti-slip/slip-resistance tape on the subject flooring surface; and/or

- i. Failure to adequately and reasonably correct a hazardous condition which the Defendant knew or should have known about.

33. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely

injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

34. At all times material hereto, the subject area was unreasonably wet, slippery, slick, hazardous and/or unreasonably dangerous.

35. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving falls on polished or slippery flooring and/or heavily trafficked areas. *see, Barksdale-Starkes v. CLASSICA Corp.*, case no: 22-cv-22204 (S.D. Fla); *Carpenter v. CLASSICA Corp.,* case no. 18-cv-25120 (S.D. Fla); and for those reasons set forth in paragraph 20 above.

36. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, lost wages, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands an advisory jury.

## COUNT III – GENERAL NEGLIGENCE

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

37. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

38. On or about August 18, 2023, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

39. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

   a. Failure to provide the Plaintiff with a reasonably safe place to walk and/or dance;

   b. Failure to reasonably clean or dry the subject area so as to maintain it in a reasonably clean, dry and/or non-slippery condition;

   c. Failure to adequately and regularly monitor the subject area to maintain it free of wet, slippery, slick, hazardous and/or dangerous conditions;

   d. Failure to adequately inspect the floor at reasonable and adequate intervals so as to discover wet, slippery, slick, hazardous and/or dangerous conditions;

   e. Failure to close off and/or place warning signs/cones on or around the wet, slippery, slick, hazardous and/or dangerous flooring surface in the subject area;

   f. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers (like Plaintiff);

   g. Failure to prevent passengers from bringing beverages onto the dance floor;

   h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, slick, hazardous and/or dangerous conditions;

   i. Failure to promulgate and/or enforce adequate policies and procedures to ensure that warnings signs are placed on or around wet, slippery, slick, hazardous and/or dangerous areas and/or that such wet, slippery, slick, hazardous and/or dangerous areas are closed off;

   j. Failure to adequately train, supervise and/or monitor crewmembers who were charged with inspecting, maintaining, cleaning and preventing beverages from being taken onto

    the subject area;

k.  Failure to comply with industry standards, safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered from happening;

l.  Failure to analyze prior slip-and-fall accidents aboard Defendant's vessels occurring in the same area and/or type of flooring surface so as to remedy such hazardous conditions;

m.  Failure to correct hazardous conditions following other slip and fall accidents in the same area and/or type of flooring surface; and/or

n.  Failure to select, adopt, approve and/ or utilize a reasonably safe flooring, and/or retrofit flooring, surface in light of the anticipated traffic and anticipated purpose of the area.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

41. At all times material hereto, the surface of the subject area was unreasonably wet, slippery, slick, hazardous, and/or unreasonably dangerous.

42. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving falls on polished and/or slippery flooring surfaces and/or high traffic areas. *see, Barksdale-Starkes v. CLASSICA Corp.*, case no: 22-cv-22204 (S.D. Fla); *Carpenter v. CLASSICA Corp.,* case no. 18-cv-25120 (S.D. Fla); and for those reasons set forth in paragraph 20 above.

43. As a direct and proximate cause of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered a personal injury, suffered physical pain, mental

anguish, loss of enjoyment of life, lost wages, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: August 13, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
Lipcon, Margulies & Winkleman, P.A.
2800 Ponce De Leon Blvd Ste 1480
Coral Gables, FL 33134-6921Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:   */s/ Griffin W. Sher*
**Griffin W. Sher**
Florida Bar No. 1023219.
gsher@lipcon.com
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com